IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**FILED**

JAN 1 3 2003

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

Case No.:

| | | |
|---|---|---|
| CHARLES E. BEVIS, | ) | **3 03 0135 10Bc** |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **(Jury Trial Demanded)** |
| | ) | |
| SOUTH CAROLINA DEPARTMENT OF | ) | |
| MENTAL HEALTH; WILLIE BETHUNE, | ) | |
| LEROY FRED, MARK BINKLEY, and | ) | |
| JAMES H. SCULLY, JR., in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Charles E. Bevis (hereinafter "Bevis"), by and through his undersigned counsel, would show unto the Court that:

1.    The Plaintiff is a citizen and resident of Florence County, South Carolina, residing at 1415 Jackson Avenue, Florence, South Carolina.

2.    Defendant South Carolina Department of Mental Health (hereinafter the "Department") is an agency of the State of South Carolina, having offices throughout the State of South Carolina, with its principal office in Columbia, South Carolina.

3.    Individual Defendants Willie Bethune, Mark Binkley and James J. Scully, Jr. are, upon information and belief, citizens and residents of Richland County, South Carolina, who, at all times relevant hereto, were the Director of the Division of Community Mental Health Services, the General Counsel for the Department, and the Acting Director for the Department, respectively, and as such, were high ranking employees and agents thereof.  Defendant Leroy

Fred is a resident of Florence County, South Carolina, and is a member of the Board of Pee Dee

Mental Health Center (hereinafter "Pee Dee").

4.    This action arises under Title VII of the Civil Rights Act of 1991, as amended,

and the First Amendment to the Constitution of the United States, as well as the common law

of the State of South Carolina.

5.    Jurisdiction exists pursuant to 28 U.S.C. §1343(4), which gives the District Court

original jurisdiction over any civil action authorized by law to be commenced by any person to

recover damages under any Act of Congress providing for the protection of civil rights.

6.    Venue lies within the Columbia Division pursuant to 28 U.S.C. §1391(b) because

the Department's principal office is located in this judicial district and most of the events giving

rise to this claim occurred in the Columbia judicial district.

7.    The Plaintiff has exhausted his discrimination claims at the administrative level,

and has received a Dismissal and Notice of Right to sue letter dated December 11, 2002 from

the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit

A.

8.    Prior to November of 2001, the Plaintiff had served as Director of the Pee Dee,

a branch of the Department, since July of 1984.  The Plaintiff had an excellent record of

achievement with the Center and had earned outstanding evaluations throughout the period.

9.    In May of 2000, Susie Nickles (hereinafter "Nickles"), an employee of the

Department charged with accreditation assistance to the health centers of the Department, was

placed under the Plaintiff's direct supervision.

10.    Thereafter, Nickles reported what she perceived to be serious violations of state

and federal law, departmental regulations, misconduct and ethical violations.

11.     The Plaintiff was advised by Defendants Scully and Binkley that they were in the process of disciplining, suspending or taking action against Nickles on pretextual grounds in retaliation for her reports. The Plaintiff, as Nickles' Supervisor, objected to the discipline and advised that he felt it inappropriate.

12.     To the contrary, the Plaintiff supported Nickles' reports, as did his supervisor, Dr. David Rosin. The Plaintiff testified for Nickles in her grievance for the discipline imposed by Defendant Scully, who had disciplined her when the Plaintiff was bypassed as her Supervisor. Nickles was removed from the Plaintiff's supervision.

13.     From that point forward, the Department, through its Director, George Gintoli, in collaboration with Defendants Scully and Binkley and the Plaintiff's Supervisor, Defendant Bethune, embarked upon a vicious campaign of retaliation against the Plaintiff, effectively chilling his relationship with the Department and his own Board members, making unreasonable demands upon him, isolating, berating and ignoring him, and pretextually scapegoating him for problems not of his making, eventually forcing him to retire or be fired in November of 2001 and effectively ending his exemplary career in the mental health field.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS BINKLEY, SCULLY AND BETHUNE
### (Violation of Freedom of Speech and Freedom of Association Rights
### [First Amendment])

14.     The Plaintiff realleges paragraphs 1 through 13 above as if repeated verbatim herein.

15.     The actions taken by Defendants Binkley, Scully and Bethune in their individual capacities, as set forth herein, violated the Plaintiff's rights of freedom of speech and association guaranteed him by the First Amendment to the United States Constitution.

16.    As a direct and proximate result of the violation of the Plaintiff's First Amendment rights, he lost his position and stature within the agency, adversely affecting his future earnings and retirement prospects both within and outside of the same. The Plaintiff further has sustained great reputational loss and mental and emotional suffering, which will continue into the future. He is further entitled to an award of punitive damages against individual Defendants Binkley, Scully and Bethune for their malice, intent to harm and deliberate conduct.

### FOR A SECOND AND SEPARATE CAUSE OF ACTION
### AGAINST THE DEPARTMENT
### (Race and Religious Discrimination and Retaliation)

17.    The Plaintiff realleges paragraphs 1 through 13 above as if repeated verbatim herein.

18.    That in its efforts to implement an unlawful quota system or to give disparate racial favor to minorities in hiring and promotional actions, Defendants Bethune, Fred and other minority Board members exerted pressure upon the Plaintiff to hire and promote minority employees who were not the best qualified for selection.

19.    When the Plaintiff failed to adhere to their demands, he was retaliated against by being called a racist, excluded from meetings and decisions, subjected to a hostile work environment, including a direct suggestion from Defendant Bethune that he hire a minister from the African Methodist Episcopal Church because of denominational affiliation to Defendant Fred, which further constituted religious as well as racial bias.

20.    Such actions by Defendants Bethune and Fred, and others acting in the course and scope of their employment with the Department, constitute unlawful race and religious discrimination and retaliation for the Plaintiff's opposition of the same, in violation of Title VII of the 1991 Civil Rights Act and amendments thereto.

4

21.    The Department has violated the Plaintiff's civil rights, as protected by such law; and as a direct and proximate result, he has sustained a loss of position within the agency, adversely affecting his future earnings and retirement prospects both within and outside of the same. The Plaintiff further has sustained great reputational loss and mental and emotional suffering, which will continue into the future. The Plaintiff is further entitled to an award of attorneys' fees and costs, as provided by law.

## FOR AN ALTERNATIVE THIRD CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## AND AS A PENDENT STATE CLAIM
### (Civil Conspiracy)

22.    The Plaintiff realleges paragraphs 1 through 21 above as if repeated verbatim herein.

23.    The Defendants, acting in their individual capacities, met, conferred, schemed, combined and conspired with one another and with others to harm the Plaintiff and to cause him to be removed from his position, to be ostracized and isolated, and to cause him special damages, all for their own personal and selfish reasons, all using their positions at the Department to carry out the aims of their conspiracy.

24.    Such actions, independent from the other causes of action hereinabove alleged, constituted an unlawful civil conspiracy as a combination of persons designed to proximately cause, and which did cause, harm and special damages to the Plaintiff.

25.    As a direct and proximate result of the Defendants' civil conspiracy, the Plaintiff has sustained a loss of position within the agency, adversely affecting his future earnings and retirement prospects both within and outside of the same. The Plaintiff further has sustained great reputational loss and mental and emotional suffering. He is further entitled to an award of punitive damages against the individual Defendants for their malicious acts with intent to harm

and for their deliberate conduct.

WHEREFORE, the Plaintiff prays for damages against the Defendant Department for an appropriate award of compensatory and actual damages, as well as attorneys' fees and costs. The Plaintiff further prays for damages against the Defendants in their individual capacities in the sum of Two Million Dollars ($2,000,000) actual damages, as well as an appropriate award of punitive damages and the costs of this action.   In the alternative, the Plaintiff prays for a judgment for actual and punitive damages in amounts to be determined by a jury on his claim for civil conspiracy against the individual Defendants herein, and for the costs of this action.

**CROMER & MABRY**

By:_____
                    J. Lewis Cromer
                    1225 Pickens Street
                    Post Office Box 11675
                    Columbia, SC 29211-1675
                    (803) 799-9530

                    ATTORNEYS FOR PLAINTIFF

January 13, 2003
Columbia, South Carolina

EMPLOYMENT OPPORTUNITY COMMISS

# DISMISSAL AND NOTICE OF RIGHTS

| To: Charles Bevis<br>1415 JACKSON AVENUE<br>FLORENCE, SC 29501 | From: E.E.O.C<br>Equal Employment Opportunity Comm.<br>301 North Main Street Suite 1402<br>Greenville, SC 29601 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 14CA201184 | Gregory B. Somers | (864) 241-4400 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for will-ful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_Patricia B. Fuller, Director_                    DEC 1 1 2002
Patricia B. Fuller, Director                         *(Date)*

Enclosure(s)

cc:  SC DEPARTMENT OF MENTAL HEALTH
     2414 BULL STREET
     COLUMBIA, SC 29202

EXHIBIT "A"

EEOC  FORM 161  (Rev 09/97)                    **CHARGING PARTY COPY**